UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA BOYD as Guardian and Next Friend of O.G., BRIDGET LAWRENCE as Guardian and Next Friend of C.L., and LATOYA LAWRENCE as Guardian and Next Friend of J.C., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIGHTRICKS US, INC.,<br><br>Defendant. | Civil Action No. 22-cv-6362 |

### DEFENDANT LIGHTRICKS US, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Lightricks US, Inc. ("Lightricks US"), by and through its undersigned counsel, removes the above-captioned action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441(a), 1446, and 1453, on the ground that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).

**I.  BACKGROUND**

1. On September 30, 2022, Plaintiffs Anna Boyd as Guardian and Next Friend of O.G., Bridget Lawrence as Guardian and Next Friend of C.L., and Latoya Lawrence as Guardian and Next Friend of J.C., individually and on behalf of all others similarly situated, filed this action, captioned *Boyd, et al. v. Lightricks US, Inc.*, in the Circuit Court of Cook County, Illinois, Case No. 2022-CH-09769. A true and correct copy of Plaintiffs' complaint, summons, and the notice of service received by Lightricks US are attached hereto as Exhibits 1, 2, and 3, respectively.

2. Lightricks US was served on October 17, 2022. *See* Ex. 3.

3. Plaintiffs bring two causes of action against Lightricks US for alleged violations of the Illinois Biometric Information Privacy Act ("BIPA"). Ex. 1 at ¶¶ 66-86.

4. Plaintiffs seek relief on behalf of a purported class of "all Illinois residents whose biometric data was captured, collected, received, or otherwise obtained and/or stored by [Lightricks US] through the App during the applicable statute of limitations period." Ex. 2 at ¶ 58. Plaintiffs also seek relief on behalf of a purported subclass of "all minor Illinois residents whose biometric data was captured, collected, received, or otherwise obtained and/or stored by [Lightricks US] through the App during the applicable statute of limitations period." *Id.* ¶ 59.

5. Plaintiffs allege that the size of the putative classes "is substantial, believed to amount to tens or hundreds of thousands of persons." *Id.* at ¶ 62.

6. Plaintiffs seek certification of the putative classes, declaratory relief, statutory damages of $5,000 for each proven intentional and reckless violation of BIPA and $1,000 for each proven negligent violation of BIPA, injunctive and other equitable relief, reasonable litigation expenses and attorneys' fees, and pre- and post-judgment interest. *Id.* at 19, 21.

7. Lightricks US has not yet filed an answer or responsive pleading to the complaint.

8. By filing this notice of removal, Lightricks US does not waive, and expressly preserves any and all defenses it might later raise in this action, including but not limited to: (1) that this Court lacks personal jurisdiction over Lightricks US; and (2) Plaintiffs are required to arbitrate their claims.

II. **JURISDICTIONAL REQUIREMENTS ARE SATISFIED**

9. CAFA sets forth three requirements to invoke federal jurisdiction: (1) a class action comprising 100 or more members, (2) in which any member of a class of plaintiffs is a citizen of

a state different from any defendant, and (3) in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(5). All three requirements are satisfied here.

### A. This Case Is A Putative Class Action Comprising At Least 100 Members

10. The action is a "class action" as defined in 28 U.S.C. § 1332(A)(1)(B) and, as noted above, Plaintiffs allege that there are "tens or hundreds of thousands of persons" in the putative classes. Ex. 1 at ¶ 62.

### B. Minimal Diversity Exists Pursuant To 28 U.S.C. § 1332(d)(2)(A)

11. Plaintiffs allege that Lightricks US is a Delaware corporation with its principal place of business in New York. *Id.* at ¶ 20. Plaintiffs allege that they and the putative class members are Illinois residents. *Id.* at ¶¶ 17-19, 62.

12. Based on the foregoing, minimal diversity exists because at least one member of the putative class is a citizen of a different state than Lightricks US. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount In Controversy Exceeds $5,000,000

13. Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). A party removing under CAFA need only establish that the amount in controversy exceeds the jurisdictional minimum by a preponderance of the evidence. *See Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). The question is not whether damages *will be* greater than $5 million, but only whether "a fact-finder *might* conceivably lawfully award" damages greater than $5 million. *Id.* at 583 (emphasis in original). The removing party's burden is a mere "pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

14. While Lightricks US denies the claims alleged in Plaintiffs' complaint and further denies that Plaintiffs, or any putative class member, are entitled to any monetary or other relief, on a classwide basis or otherwise, the amount in controversy here satisfies the jurisdictional threshold. Plaintiffs seek statutory damages of up to $5,000 per alleged violation of BIPA from Lightricks US on behalf of each putative class member (*see* Ex. 1 at 19, 22), and allege that there are "tens or hundreds of thousands of persons" in the classes. *Id.* at ¶ 62. Multiplying $5,000 for each putative class member by just over a thousand putative class members—far smaller than the potential class size Plaintiffs have alleged—yields an amount in controversy in excess of the $5 million. Thus, based on the face of the complaint, if Plaintiffs prevail, recovery in this action "*might* conceivably" exceed the amount-in-controversy threshold for jurisdiction under CAFA. *Roppo*, 869 F.3d 583.

*   *   *   *   *

15. In summary, because this is (1) a putative class action comprising 100 or more members, (2) in which any member of the putative class is a citizen of a state different from the defendant's state of citizenship, and (3) the aggregate amount of damages sought is in excess of $5 million, this case falls within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332 and is therefore removable pursuant to 28 U.S.C. § 1441.

### III. OTHER STATUTORY REQUIREMENTS FOR REMOVAL ARE SATISFIED

16. Plaintiffs filed this action in the Circuit Court of Cook County, Illinois. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

17. No previous application has been made for the relief requested herein.

18. As required by 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Lightricks US are attached as exhibits hereto.

19. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

20. As required by 28 U.S.C. § 1446(d), Lightricks US will promptly file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, County Department, Chancery Division and serve copies of the same on all parties to this action.

WHEREFORE, Lightricks US respectfully removes this action from the Circuit Court of Cook County, Illinois, docketed at 2022-CH-09769, to this Court.

DATED: November 14, 2022                Respectfully submitted,

/s/ *Matthew D. Provance*

Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
mprovance@mayerbrown.com

Archis A. Parasharami
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000
aparasharami@mayerbrown.com

John Nadolenco*
MAYER BROWN LLP
350 S. Grand Ave., 25th Floor
Los Angeles, CA
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com
**pro hac vice* forthcoming*

*Attorneys for Defendant Lightricks US, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 14, 2022, the foregoing Notice of Removal was electronically filed with the Clerk of the Court using the CM/ECF system and that copies of the foregoing instrument were sent by email and first-class U.S. mail to counsel for plaintiffs at the address and email address below:

Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
malmstrom@whafh.com

/s/ *Matthew D. Provance*
Matthew D. Provance
